## Maurer et ux. v. Hoon

*William S. Rahauser*, for plaintiffs.

*William A. Challener* and *William A. Challener, Jr.*, for defendant.

ELLENBOGEN, J., May 23, 1939.—Plaintiffs in this case filed a petition in which they ask the court to issue a rule upon defendant to take oral depositions. Plaintiffs' petition prays that they may be permitted to take the oral depositions of Dr. Secord H. Large, located in the Hanna Building, Cleveland, Ohio, and of Dr. Frank J. Geib, residing at 1202 Oakridge Road, Cleveland, Ohio. The petition sets forth that these two physicians attended the woman plaintiff during her period of recovery from the operation which is the subject of the suit before us, and that their testimony is necessary to establish the negligence of defendant in the performance of the operation. Plaintiffs aver that due to the complicated nature of the surgical operation it is impossible properly to propound the issue by interrogatories and that the facts in the case are so involved that they cannot be properly embodied in interrogatories. Plaintiffs aver that the two witnesses whom they desire to interrogate reside in Cleveland, Ohio, beyond the jurisdiction of the court, that they refuse to come to the trial voluntarily, and that plaintiffs seek to interrogate them concerning the negligent performance of the operation and the condition of the woman plaintiff immediately after the operation.

Defendant filed an answer in which he avers that the Act of June 25, 1895, P. L. 279, under which plaintiffs' petition for a rule was filed, does not authorize the taking of depositions orally in a foreign State and that to do so would entail inconvenience and expense to defendant.

Plaintiffs' petition for rule to take oral depositions is filed under the Act of 1895, supra, sec. 1, which reads as follows:

"That from and after the date of the passage of this act, the testimony of witnesses to be read in evidence upon the trial or hearing of any cause or matter pending or hereafter to be brought in any of the civil courts of record of this Commonwealth, when such witnesses reside beyond the limits of said Commonwealth, but within the United States, may be taken upon a rule entered in the office of

the prothonotary of the court of common pleas of the county where such cause or matter is pending, in like manner as rules are now entered for the taking of the testimony of witnesses residing within the Commonwealth, and upon notice to be given to the other side in like manner as now provided by existing law or rule of court . . .".

Section 2 of the Act of 1895 provides that a rule to take testimony shall not be entered in the prothonotary's office without permission of the court, and section 3 reads as follows:

"Nothing herein contained shall prevent the taking of testimony of witnesses in proper cases upon commission and interrogatories, as is now practiced in the several courts of this Commonwealth."

The fact that section 3 of the Act of 1895 expressly preserves the right to take testimony of witnesses upon commission and interrogatories refutes the contention of defendant that the Act of 1895 does not apply to oral depositions. If it applied merely to written depositions, there would be no need to provide that nothing contained in the act shall "prevent the taking of testimony of witnesses . . . upon commission and interrogatories . . .".

We also have the Act of June 8, 1911, P. L. 709, 28 PS §9, which permits the court to order the taking of oral depositions of witnesses residing in other States upon the imposition of such terms as the court deems fair and equitable:

"That hereafter, where the testimony of any witness is desired to be read in evidence upon the trial or hearing of any cause or matter now or hereafter pending in any of the civil courts of this Commonwealth, and such witness resides in any other State or in any foreign country, the court may, on the application of either party, provide for the taking, in such other State or foreign country, of the testimony of such witness or witnesses orally, before an examiner appointed by the court, or before any person authorized by the laws of such other State or foreign

country to administer oaths. In granting any such application the court may impose such terms, if any, as to the payment by the party applying therefor of the costs and expenses involved, including reasonable counsel fees and traveling expenses, as it shall deem proper, and may prescribe the notice to be given and the time within which such testimony shall be taken."

Under the Act of 1895 and the Act of 1911, the granting of a rule to take depositions is within the discretion of the court. The circumstances of each particular case must guide the court in deciding whether a rule should be entered or refused.

We have carefully considered the sworn petitions of plaintiffs and the sworn answers of defendant and the briefs presented by learned counsel for both plaintiffs and defendant. We believe that the circumstances of this case are such that a rule to take depositions should issue and that such rule should not impose unnecessary hardships or expenses upon plaintiffs.

It is alleged that on June 12, 1934, defendant negligently operated upon the woman plaintiff in such a way as to injure the recurrent laryngeal nerve, as a result of which the woman plaintiff sustained permanent injuries to her throat, to her vocal organs, and to other parts of her body. Plaintiff avers that defendant negligently performed a thyroidectomy. It appears that after the operation was performed by defendant, the woman plaintiff came under the professional care of Dr. Large and Dr. Geib, that these physicians have peculiar knowledge of her condition after the operation, and that their testimony may be of great importance in determining the question of the negligence of defendant.

Dr. Geib and Dr. Large reside in the City of Cleveland, Ohio, which is within a reasonable distance from the County of Allegheny, where defendant resides. In view of the averment that these two medical witnesses refuse to leave Cleveland to come to the trial of this suit and the

apparent difficulty to frame proper interrogatories, because of the technical nature of this action and because of the intricate medical and surgical problems involved, we feel that a rule to take oral depositions should be issued in this case.